E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
COLIN S. SCOTT (Cal. Bar No. 318555)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 393-5220
    Facsimile: (213) 894-2927
    E-mail: colin.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ESPINOZA<br><br>Defendant. | No. 22-cr-00575-SB-1<br><br>**GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JAMES ESPINOZA** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Colin S. Scott, hereby files its Sentencing Position for defendant JAMES ESPINOZA.

//

//

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Recommendation Letter, and any other evidence or argument that the Court may permit.

Dated: October 17, 2023	Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
Colin S. Scott
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant James Espinoza ("defendant") engaged in a prolonged conspiracy to sell both methamphetamine and firearms. For his conduct, defendant was charged on December 9, 2022, in a twenty-two count indictment with conspiracy to distribute and possess with intent to distribute methamphetamine, engaging in the business of dealing in firearms without a license, trafficking in firearms, possession of an unregistered firearm, and being a felon in possession of firearms and ammunition.

On July 25, 2023, defendant pled guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1),(B)(1)(A)(viii), and one count of Trafficking in Firearms, in violation of 18 U.S.C. § 933(a)(1) pursuant to a plea agreement filed with the Court on July 20, 2023 (Dkt. 72 ("Plea Agreement").) On September 26, 2023, the United States Probation and Pretrial Services Office ("Probation") filed its Presentence Investigation Report (Dkt. 84 ("PSR")) and Recommendation Letter (Dkt. 83 ("Recommendation Letter"). In the PSR, Probation determined that (1) defendant's total offense level is 37; (2) defendant's criminal history category is III; and (3) defendant's Sentencing Guidelines range is 262 to 327 months' imprisonment. (Dkt. 84 at 3.) The PSR did not identify any factors that would warrant a departure from the applicable Guidelines range or that would warrant a variance. (PSR ¶ 132.) Nevertheless, the USPO recommended a below Guidelines custodial sentence of the mandatory-minimum term of 120 months imprisonment, which constitutes at least a seven-level variance from the guidelines range, followed by a five-year term of supervised release. (Dkt. 83, Recommendation Letter, at 1.)

The government does not object to the USPO's calculations of defendant's total Guidelines offense level, criminal history, or payment obligations. For the reasons set forth below, however, the government disagrees that a below Guidelines term of imprisonment adequately addresses the sentencing factors set forth in 18 U.S.C. § 3553(a), and instead requests that the Court impose a low-end Guidelines term of

3

imprisonment of 262 months; the mandatory five-year term of supervised release; and the mandatory $200 special assessment.

## II. STATEMENT OF ACTS

### 1. Offense Conduct

Defendant admitted to the following facts at his change of plea hearing and in the plea agreement (PSR ¶¶17-32; Plea Agreement ¶16):

Beginning on a date unknown, but no later than on or about June 7, 2022, and continuing until on or about November 14, 2022, in Los Angeles County, defendant conspired with others to knowingly and intentionally distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance. Defendant joined the agreement knowing of it's purpose and intending to help accomplish it.

Defendant committed the following acts in furtherance of the conspiracy, as follows:

On June 18, 2022, in a telephone call using code language, defendant agreed to sell approximately one pound of methamphetamine to a person he believed was a drug customer, but who was, in fact, a confidential informant working with law enforcement (the "CS").

On June 21, 2022, at approximately 4:28 p.m., defendant and a co-conspirator drove a Honda Accord to a warehouse in Los Angeles County, within the Central District of California to sell methamphetamine to the CS. Upon meeting at the warehouse, defendant handed a clear plastic package to the CS that contained 438 grams of actual methamphetamine. The CS then paid defendant $1,400 in cash for the methamphetamine, and they discussed selling the CS 10-15 pounds of methamphetamine in the future.

On June 26, 2022, defendant, in a telephone call using coded language, arranged to sell one pound of methamphetamine to the CS and eventually agreed to meet in a warehouse within Los Angeles. Then, on June 27, 2022, defendant and a co-conspirator arrived at the warehouse in a Hummer. Defendant handed a duffle bag from the trunk of

the Hummer to the CS. Inside the duffle bag were two firearms: (1) a Walther, model P22, .22 caliber pistol bearing serial number WA287403 and (2) a Mossberg, model 510, 20 Gauge shotgun, bearing serial number V0033406. The CS then paid defendant $1,800 for the two firearms. Defendant and a co-conspirator then left the warehouse to pick up the methamphetamine. At approximately 5:33 p.m., defendant and a co-conspirator returned, this time in a Honda Accord. The defendant removed two plastic bags containing 880 grams of actual methamphetamine and gave them to the CS. The CS then paid defendant $2,800 for the methamphetamine.

On July 8, 2022, defendant and CS agreed by text message to meet at a warehouse to sell two pounds of methamphetamine. At approximately 5:56 p.m., defendant and a co-conspirator arrived at the warehouse in a Honda Accord. Defendant removed two plastic bags that contained 883 grams of actual methamphetamine and gave them to the CS. The CS then paid defendant $2,800 for the methamphetamine.

In conversations from July 20-21, 2022, defendant offered to sell the CS two pounds of methamphetamine at the same warehouse. On July 21, 2022, defendant and a co-conspirator arrived in a Honda Accord. The co-conspirator removed three clear packages from a black bag, which contained a total of 1,326 grams of actual methamphetamine, and handed them to the CS. The CS then paid defendant $4,200 for the methamphetamine.

On November 8, 2022, defendant and CS agreed by text message to meet at a warehouse in Los Angeles. At approximately 5:55 p.m., defendant arrived, pulled a black bag containing approximately 445 grams of actual methamphetamine out of his jacket pocket, and handed it to the CS. The CS then paid defendant $1,400 for the methamphetamine.

Finally, on November 14, 2022, defendant and CS agreed to meet at the warehouse in Los Angeles. At approximately 5:11 p.m., defendant arrived and placed a black plastic bag containing approximately 443.3 grams of actual methamphetamine on the table. Additionally, defendant and a co-conspirator sold two firearms and

ammunition to the CS including: (1) a Smith & Wesson, MP 15, 5.56 caliber rifle bearing serial number SW45707 and (2) a Sig Sauer P232 SL, .380 caliber pistol bearing serial number S203030.  The CS then paid defendant $5,300 for the rifle, handgun, and methamphetamine. At the time defendant sold these firearms, he was not a licensed manufacturer or dealer of firearms.  The defendant's sale of these firearms to the CS affected interstate and/or foreign commerce.  Furthermore, the defendant knew or had a reasonable cause to believe that the use, carrying, or possession of the firearm by the CS would constitute a felony.  Specifically, defendant understood that the CS intended to resell both firearms, despite the CS not being a licensed manufacturer or dealer of firearms, which itself is a violation of 18 U.S.C. § 922(a)(1)(A).

Defendant also admitted to selling an additional sixteen firearms, and possessing those firearms despite being previously convicted of, and knowing he was convicted of, a felony crime.

## 2. The Presentence Report

The USPO calculated defendant's USSG Total Guidelines Offense Level at 37, with which the government agrees (PSR ¶¶ 19-75):

| | | |
|---|---|---|
| Base Offense Level | 38 | U.S.S.G. § 2D1.1(a)(5), (c)(1) |
| Possession of a Dangerous Weapon | +2 | U.S.S.G. § 21D1.1(b)(1) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a)-(b) |

The USPO also calculated that defendant has 6 criminal history points, and therefore falls within Criminal History Category III.  (PSR ¶¶ 62-64.)

With a Total Guidelines Offense Level of 37 and a Criminal History Category of III, the USPO found that the Guideline range for defendant's term of imprisonment was 262 to 327 months; that the minimum statutory term of imprisonment for one of the counts of conviction is ten years; and that the mandatory term of supervised release is 5 years. (PSR ¶¶ 116-134.)  The government agrees with these calculations and findings.

### III. Argument

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a). The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the rule of law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations. 18 U.S.C. § 3553(a)(2).

The government recommends that the defendant be sentenced to (1) a low-end term of 262 months' imprisonment; (2) the mandatory five-year period of supervised release; and (3) the mandatory $200 special assessment. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

    1. <u>Nature and Circumstances of the Offense</u>

The Court must consider the nature, circumstances, and seriousness of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). Here, the government's proposed guideline sentence reflects the seriousness of defendant's crimes. Defendant effectively ran a business of illegally selling guns and narcotics. Over the course six months, defendant sold 19 firearms and approximately 3,527 grams of methamphetamine. Several of these firearms were ghost guns which are untraceable and pose a unique threat to public safety. This conduct is serious and warrants a substantial custodial sentence.

The Government's low-end recommendation also reflects defendant's unique history and characteristics. In mitigation, Defendant has a lifelong substance abuse problem and grew up in the foster care system. (PSR ¶¶ 74-102.) Defendant's stepmother believes that defendant has an undiagnosed mental health condition that stems from defendant witnessing "a lot of violence" as a child. (<u>Id.</u> ¶ 96.) Defendant has also been the victim of gun violence after having been shot in the stomach while living in Las Vegas at age 18. (<u>Id.</u> ¶ 92.) However, defendant has a significant criminal

history including a previous incident in which he brandished a semi-automatic weapon and chased an individual. (Id. ¶ 65.) Defendant also had an active warrant when the instant offense was committed. (Id. ¶ 63.) Accordingly, a 262-month sentence would appropriately account for both the seriousness of the offense and defendant's history and characteristics.

### 2. Need for Deterrence and to Promote Respect for the Law

Given defendant's history, the recommended sentence is necessary not only to deter defendant, but also to adequately deter others. See 18 U.S.C. § 3553(a)(2)(B) (the sentence imposed is required "to afford adequate deterrence to criminal conduct," which encompasses both specific and general deterrence). A significant term of imprisonment is warranted here to adequately deter defendant from further criminal conduct. Given defendant's escalating criminal history, including the prior conviction for assault with a firearm on a person, the recommended sentence will also promote respect for the law and protect the public. This would be defendant's longest custodial sentence to date.

The government agrees with the Probation Office that defendant is unable to pay a fine and not likely to become able to do so. (PSR ¶ 109.) The government therefore recommends that all fines be waived.

### 3. Supervised Release

The Court must impose a term of supervised release of at least five years given defendant's plea to Count Two. See 21 U.S.C. § 841(b)(1)(A). Given defendant's lengthy criminal history, such a term is appropriate to ensure defendant remains a law-abiding citizen upon his release.

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to 262 months' imprisonment, five years' supervised release, a $200 special assessment, and no fine. The government submits that this sentence is "sufficient, but not greater than necessary, to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)." 18 U.S.C. § 3553(a).